IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr216-MHT |
| | ) | (WO) |
| SHARON JONES GREEN | ) | |

ORDER

Before the court is defendant Sharon Jones Green's motion to continue her trial. For the reasons below, the court finds that jury selection and trial, now set for August 11, 2025, should be continued under 18 U.S.C. § 3161(h)(6) and (7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>     from the date the defendant has appeared
>     before a judicial officer of the court in
>     which such charge is pending, whichever date
>     last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  § 3161(h)(6).  The Act also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i).

The court concludes that, here, such a delay would be reasonable considering the continuance that the court granted to Green's husband, a codefendant.  While

2

Green and her husband were set to be jointly tried on August 11, 2025, he filed a motion on April 22 to continue his trial so that he may retain his counsel of choice. *See* Motion to Continue Trial by Samuel Cornelius Green (Doc. 53). The court granted his motion and continued his trial to October 27. *See* Order (Doc. 55). As both Green and her husband are joined for trial, as no severance has been granted, and as the delay period is reasonable, the court will grant Green's motion to continue her trial to October 27. *See United States v. Campbell*, 706 F.2d 1138, 1141 (11th Cir. 1983).

The court also finds that the ends of justice served by granting a continuance outweigh the interest of the public and Green in a speedy trial. Plus, the government does not oppose a continuance.

***

3

Accordingly, it is ORDERED as follows:

(1) Defendant Sharon Jones Green's unopposed motion to continue trial (Doc. 60) is granted.

(2) The jury selection and trial, now set for August 11, 2025, are continued to October 27, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the change-of-plea and other pretrial deadlines as necessary.

DONE, this the 8th day of May, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE